UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FAIR HOUSING COUNCIL OF OREGON,

    Plaintiff,

    v.

CROSS WATER DEVELOPMENT, LLC, a Washington Limited Liability Company; MOSS & ASSOCIATES, INC., a Washington Corporation; DNW, INC., a Washington Corporation; R.L. OJA COMPANY, INC., a Washington Corporation; BONNIE OJA, an individual; ROBERT OJA, an individual,

    Defendants.

Case No. C08-5755 FDB

ORDER GRANTING THE MOTIONS TO DISMISS THE COMPLAINT AGAINST ALL DEFENDANTS FOR FAILURE TO STATE A CLAIM

This matter comes before the Court on the motions of all named Defendants to dismiss the complaint of Plaintiff Fair Housing Counsel of Oregon for failure to state a claim. The Court, having reviewed the motions and response thereto, is fully informed and hereby grants the motions to dismiss for the reasons that follow.

**Introduction and Background**

The Fair Housing Counsel of Oregon (FHCO) commenced this disabilities discrimination

ORDER - 1

action under the Federal Fair Housing Act, as amended by the Fair Housing Act Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601-3619, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 1281, et seq., to enjoin and remedy alleged violations of these civil rights laws by Defendants in the design, construction, and operation of covered multifamily dwellings at the Heritage Park Apartments, Vancouver, Washington.

The FHCO filed an administrative complaint with the Department of Housing and Urban Development (HUD) on May 9, 2005. Pending the administrative proceedings, the Ninth Circuit Court of Appeals held that in actions alleging violations of Fair Housing Act's (FHA) design/construction requirements for handicapped access in multi-family dwellings, the FHA's two-year limitations period governing private civil actions runs from conclusion of design-and-construction phase, which occurs on date the last certificate of occupancy is issued. Garcia v. Brockway, 526 F.3d 456, 460-61 (9th Cir. 2008). Because the administrative complaint was filed beyond the two-year limitations period, HUD held the complaint untimely and dismissed the action. FHCO then filed the instant action on December 17, 2008. All Defendants assert that the action is barred by the statutes of limitations and move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### Rule 12(b)(6) Standards

A motion under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir. 2004). In testing the sufficiency of a claim against a Rule 12(b)(6) challenge, a court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff." North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). The court need not, however, "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness

ORDER - 2

Network, 18 F.3d 752 (9th Cir. 1994). A claim may be dismissed as a matter of law if there is a lack of a cognizable legal theory or if there are insufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. De Le Crux v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).

**Tolling and the FHA Statute of Limitations**

Claims under the Fair Housing Act are subject to a two-year statute of limitations. See 42 U.S.C. § 3613(a)(1)(A); Tolbert v. State of Ohio Dep't of Transp., 172 F.3d 934, 939 (6th Cir. 1999). The limitations period begins to run on the date of the last occurrence of discrimination. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 381 (1982). The date of the "last occurrence of discrimination" in a claim of design and construction discrimination is the date of the issuance of the last applicable certificate of occupancy. Accordingly, the two–year statute of limitations commences to run on the date of the issuance of occupancy. Garcia v. Brockway, 526 F.3d 456, 460-61 (9th Cir. 2008).

Plaintiff concedes that the last certificate of occupancy for the Heritage Apartments was issued on September 4, 2003. The action was filed in this Court on December 17, 2008, more than five years after the two-year statue of limitations commenced to run. Ordinarily, the action would be barred by the statue of limitations. Plaintiff, however, asserts that the action should be tolled during the pendency of the administrative proceedings.

Pursuant to 42 U.S.C. § 3613(a)(1)(B), the time during which a complaint is pending with HUD is not included in the computation of the two-year statute of limitations applicable to the commencement of a district court action. However, 42 U.S.C. § 3610(a) of the FHA states:

ORDER - 3

"An aggrieved person may not later than one year after termination of the alleged discriminatory housing practice has occurred or terminated, file a complaint with the Secretary alleging such discriminatory practice."

The commencement of this one-year statute of limitations occurred on September 4, 2003; the date of issuance of the last applicable certificate of occupancy. The administrative complaint was filed with HUD on May 9, 2005, more than a year after commencement of the running of the statute of limitations. Accordingly, the administrative action was barred by the statute of limitations and HUD dismissed the complaint.

Plaintiff nonetheless, contends that it filed the HUD complaint "within the time frame prescribed by HUD. Plaintiff filed its complaint within one year of the date of its injury."

The Court is not persuaded by this argument. The time frame prescribed by statute is one year from the date of the discriminatory practice. The date of discriminatory action or "injury" is the date of issuance of the certificate of occupancy. Garcia v. Brockway, 526 F.3d 456, 460-61 (9th Cir. 2008). The administrative complaint was not timely filed.

There being no timely filed administrative complaint with HUD, there is no basis for application of the statutory tolling provision. See Gartrell v. Gaylor, 981 F.2d 254, 256-57 (5th Cir.1993)( When an administrative remedy request is submitted after the limitations period has expired, tolling does not apply to the period of time during which the grievance is pending).

Notwithstanding the foregoing, there are two doctrines which may apply to extend the limitations period or preclude a defendant from asserting the defense - equitable tolling and equitable estoppel. The federal version of these doctrines is concisely explained in Johnson v. Henderson, 314 F.3d 409 (9th Cir. 2002). "Equitable tolling" focuses on whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute

ORDER - 4

of limitations for filing suit until the plaintiff can gather what information he needs. Id. at 414. Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as "fraudulent concealment." Id. As noted in Garcia v. Brockway, 526 F.3d 456, 466 n.8 (9th Cir. 2008), "equitable tolling simply doesn't apply here, as this is not a case where the plaintiff was injured within the limitations period yet unable to determine the source of his injury." Concerning equitable estoppel, there is no evidence that the Defendants took any action to prevent Plaintiff form filing a timely claim.

There is no basis for tolling the two-year statute of limitations applicable to the FHA claims and as such they are subject to dismissal for failure to state a claim.

### ADA Statute of Limitations

Plaintiff alleges the same set of facts concerning design and construction to support an Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., claim. The statute of limitations for an the ADA claim brought in Washington appears to be three years. See Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1137 n.2 (9th Cir. 2002)(state law tort claims statute of limitations applicable to ADA claims).

Plaintiff's ADA claim based on design and construction was filed beyond three years of the date of the final certificate of occupancy. As stated by the Federal District Judge of Idaho, "[w]ith respect to Plaintiff's claims under the ADA for failure to design and construct an accessible rental office, the applicable language of the ADA is substantially similar to the language of the Fair Housing Act. In light of the similar language of the two statutes, as they relate to design and construction claims, the Court is of the view that the same reasoning and analysis that the Court applied to Plaintiff's claims under the Fair Housing Act would apply to its claim under the ADA." U.S. v. Taigen & Sons, Inc., 303 F.Supp.2d 1129, 1149-50 (D. Idaho 2003). Accordingly, the date of completion (or issuance of the certificate of occupancy) initiates the running of the statute of limitations. Id., at 1150. See also Disabled in Action of Pennsylvania v. Southeastern

ORDER - 5

Pennsylvania Transportation Authority, 539 F.3d 199, 209-13 (3rd Cir. 2008)(ADA discrimination acts occur and statute of limitations begins to run upon the completion of construction).

The analysis applicable to the FHA claim is equally applicable to the ADA claim and is incorporated herein. Accordingly, there is no basis for tolling the statute of limitations and ADA claim is time barred.

**Prevailing Defendant Attorney's Fees**

The Defendants seek an award of costs and attorney fees pursuant to 42 U.S.C. § 3613(c)(2) and 42 U.S.C. § 2000(a)-3(b). A district court may exercise its discretion to award a prevailing defendant attorneys' fees pursuant to 42 U.S.C. § 3613(c)(2) only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978). District courts may award attorneys' fees to prevailing defendants in civil rights cases only in "exceptional" or "extreme" cases where the action was unreasonable, frivolous, meritless, or without foundation. Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636, 645-46 (9th Cir. 1999).

Defendants have not shown that Plaintiff's action was frivolous, unreasonable, or without foundation. Therefore, the Court finds Plaintiff's action does not qualify as such an "exceptional" or "extreme" case warranting an award of attorneys' fees and costs to Defendants.

**Conclusion**

Resolution of this motion is governed by Garcia v. Brockway, 526 F.3d 456 (9th Cir. 2008). Plaintiff's claims accrued on the date of issuance of the certificate of occupancy and are time barred by the applicable statutes of limitations. Plaintiff has failed to state a claim upon which relief can be granted.

ACCORDINGLY;

IT IS ORDERED:

(1) Defendant Cross Water Development, R.L. Oja Company, Bonnie Oja and Robert

ORDER - 6

Oja's Motion to Dismiss the Complaint [Dkt. # 12] is **GRANTED.**

(2) Defendant Moss and Associates, Inc.'s Motion to Dismiss the Complaint [Dkt. # 14] is **GRANTED**.

(3) Defendant DNW, Inc.'sd Motion to Dismiss the Complaint [Dkt. # 16] is **GRANTED**.

(4) Plaintiff's Complaint is dismissed in its entirety, with prejudice.

(5) The Defendants' request for an award of attorney's fees is **DENIED**.

DATED this 23rd day of March, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7